FILED
United States Court of Appeals
Tenth Circuit

October 29, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOEL S. ELLIOTT,

    Defendant - Appellant.

No. 18-8046
(D.C. Nos. 1:18-CV-00012-SWS and
1:15-CR-00042-SWS-1)
(D. Wyo.)

_____

**ORDER DENYING A CERTFICATE OF APPEALABILITY**
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Defendant Joel Elliott seeks a certificate of appealability (COA) to appeal the

dismissal by the United States District Court for the District of Wyoming of his motion

for relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to

appeal denial of a § 2255 motion). We deny a COA and dismiss the appeal.

## I.    BACKGROUND

On June 4, 2014, an arsonist planted an incendiary device in the Sheridan County

Attorney's Office that set fire to the building. Defendant Joel Elliott was suspected but

not charged with the arson. Months later, Defendant and the public defender representing

him on state charges of forgery, stalking, and burglary met with the assistant United

States attorney (AUSA) and law-enforcement officers investigating the arson. Defendant

claimed that a fellow inmate, Joseph Wilhelm, had confessed to Defendant and another

inmate, Robert Weber, that he had committed the arson. Defendant provided a proffer to be evaluated by the federal government for a possible leniency recommendation regarding his state charges. But after an investigation of Mr. Wilhelm, it became clear that Defendant was attempting to frame him. The AUSA informed Defendant's public defender (1) that the government would not provide a favorable recommendation on Defendant's state charges, and (2) that the arson investigation was active and would be treated as entirely separate from Defendant's state charges.

In January 2015 state investigators learned from counsel for Weber that Defendant was making incriminating statements about the arson and that Weber was willing to surreptitiously record his conversations with Defendant. State investigators met with Weber, placed a wire on him, cautioned him not to speak with Defendant about his state charges or any conversations Defendant had with his state counsel, and sent Weber back to the jail pod he shared with Defendant. On January 14 and 15, Weber recorded conversations in which Defendant disclosed incriminating information about the fire. Two months later, Defendant was charged in federal court with five offenses related to the arson.

Defendant filed a pretrial motion to suppress the statements he made to Weber on the ground that his Fifth Amendment right to counsel had been violated. Relying on *United States v. Cook*, 599 F.3d 1208 (10th Cir. 2010), the district court denied Defendant's motion, and he was ultimately convicted. He unsuccessfully appealed his conviction, claiming, among other things, that the government committed ethical violations under the Wyoming Rules of Professional Conduct in arranging for the

2

recorded conversations. *See United States v. Elliott*, 684 F. App'x 685 (10th Cir. 2017). In contesting the appeal, the government submitted an email exchange between the AUSA assigned to Defendant's case and an advisor in the Department of Justice's Professional Responsibility Advisory Office (PRAO) concerning compliance with the Wyoming Rules.

On January 17, 2018, Defendant filed a § 2255 motion claiming that (1) his counsel was constitutionally ineffective in failing to contest the recorded conversations on Sixth Amendment grounds, and (2) the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding the email exchange between the AUSA and the PRAO. The district court denied the § 2255 motion on both grounds and declined to grant a COA.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Otherwise stated, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." 529 U.S. at 484.

No reasonable jurist could debate the district court's denial of Defendant's § 2255 motion. To prevail on an ineffective-assistance claim, Defendant must demonstrate both

that his counsel's performance was deficient and that "the deficient performance prejudiced [his] defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Defendant was not prejudiced by counsel's failure to raise a Sixth Amendment claim. The Sixth Amendment right to counsel attaches "only to charged offenses" and to those uncharged offenses that "would be considered the same [as the charged offense] under the *Blockburger v. United States*, 284 U.S. 299 (1932) test." *United States v. Mullins*, 613 F.3d 1273, 1286 (10th Cir. 2010) (brackets and internal quotation marks omitted). At the time Weber recorded the incriminating conversations, Defendant had not been charged with arson or any related offense. His Sixth Amendment rights therefore had not yet attached.

Defendant also contests the district court's denial of his *Brady* claim. The government violates *Brady* if it suppresses "evidence favorable to an accused" that is "material either to guilt or to punishment." *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 822 (l0th Cir. 1995) (internal quotation marks omitted). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Defendant cannot make the necessary materiality showing here, as the email exchange has no bearing on the merit of the arson charges against him. Nor do the email communications suggest any violation of Defendant's constitutional rights that could have resulted in suppression of evidence against him. There is thus no reasonable probability that disclosure of the email communications would have altered the result of Defendant's trial.

4

Defendant also raises Fifth and Sixth Amendment claims regarding his recorded conversations that were not presented to the district court, but we can easily dispose of them on the merits. As discussed above, Defendant's Sixth Amendment rights had not attached at the time he spoke to Weber and thus were not violated. *See Mullins*, 613 F.3d at 1286. Nor were Defendant's Fifth Amendment rights violated, as *Miranda v. Arizona*, 384 U.S. 436 (1966), and its progeny apply "only in the context of custodial interrogation." *Cook*, 599 F.3d at 1214. Where, as here, the defendant is unaware that he is speaking with a government agent, the questioning "lack[s] the police domination inherent in custodial interrogation," so *Miranda* does not apply. *Id.* at 1215.

## III.    CONCLUSION

We **DENY** a COA and **DISMISS** the appeal. We **GRANT** Defendant's motion to proceed *in forma pauperis*.

Entered for the Court


Harris L Hartz
Circuit Judge

5